# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 11-2011

———————

Arvest Bank, of Rogers,                           *
                                                  *
                    Appellee,                     *
                                                  *   Appeal from the United States
          v.                                      *   District Court for the Western
                                                  *   District of Arkansas.
TCI Bentonville, Inc.;                            *
Transcontinental Realty Investors,                *   [UNPUBLISHED]
Inc.; One Realco Land Holdings, Inc.,             *
                                                  *
                    Appellant.                    *

———————

Submitted: November 28, 2011
Filed: December 2, 2011

———————

Before MURPHY, ARNOLD, and BENTON, Circuit Judges.

———————

PER CURIAM.

In this diversity action for judgment on a promissory note, TCI Bentonville, Inc., Transcontinental Realty Investors, Inc., and One Realco Land Holdings, Inc., appeal from the district court's[1] order denying their motion to enforce a tentative settlement agreement, and the court's separate order granting an unopposed motion for summary judgment filed by Arvest Bank.

———————

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

Having carefully reviewed the record and the parties' arguments on appeal, we agree with the reasons stated by the district court for denying the motion to enforce the tentative settlement agreement. See Coleman v. Regions Bank, 216 S.W.3d 569, 574 (Ark. 2005) (first rule of interpretation of contract is to give language employed meaning that parties intended; in construing contract, intention of parties is to be gathered not from particular words and phrases, but from whole context of agreement); Roetzel v. Coleman, 2010 Ark. App. 206, __ S.W.3d ___ (Ark. Ct. App. 2010) (determination of whether ambiguity exists is ordinarily question of law for courts to resolve; court may also interpret ambiguous contract as matter of law when ambiguity can be resolved by reference to contract language itself); see also Harrod v. Farmland Mut. Ins. Co., 346 F.3d 1184, 1186 (8th Cir. 2003) (appellate court reviews questions of law de novo); Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999) (in diversity case, settlement agreement must be construed according to state law). We also find no basis for reversing the grant of summary judgment. Accordingly, we affirm. See 8th Cir. R. 47B.

_____